UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Benjamin Case,<br><br>Plaintiff,<br><br>v.<br><br>South Carolina Department of Corrections, Joel Anderson, Warden Nance, Associate Warden Glenn, Lt. Simmons, Lt. Scroger, Sgt. N. Jackson, S. Mackey, Warden Duncan, Joseph Canning, Case Worker J. Butler,<br><br>Defendants. | C/A No. 1:25-cv-14012-RMG-WSB<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, proceeding *pro se*, brings this civil action to assert claims under 42 U.S.C. § 1983. Plaintiff is an inmate in the custody of the South Carolina Department of Corrections ("SCDC") and is presently incarcerated at Broad River Secure Facility ("Broad River"). The undersigned United States Magistrate Judge is authorized to review the pleadings pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B) (D.S.C.) and make recommendations to the district court. For the reasons below, Defendant S. Mackey ("Mackey") should be dismissed.

## BACKGROUND

Plaintiff commenced this action by filing a handwritten document that was construed as a pleading for relief under 42 U.S.C. § 1983. ECF No. 1. By Order dated January 12, 2026, Plaintiff was directed to bring the case into proper form for further evaluation and possible service of process. ECF No. 6. Thereafter, Plaintiff filed an Amended Complaint, which is the operative pleading. ECF No. 15.

On February 17, 2026, the Court issued an Order authorizing service as to Defendants named in the Amended Complaint. ECF No. 21. Defendants SCDC, Joel Anderson, Warden

Nance, Associate Warden Glenn, Lt. Simmons, Lt. Scroger, Sgt. N. Jackson, Warden Duncan, Joseph Canning, and Case Worker J. Butler (collectively "Served Defendants") were all served with the Summons and Amended Complaint. ECF No. 32. Served Defendants filed a Motion to Dismiss for Failure to State a Claim on May 8, 2026. ECF No. 34. That Motion to Dismiss remains pending.

On April 24, 2026, the United States Marshal Service ("USMS") filed a Summons Returned Unexecuted indicating that the USMS was unable to accomplish service as to Mackey. ECF No. 33. The USMS attempted service at SCDC, but SCDC was "unable to identify or locate a person by this name." *Id.*

On July 20, 2026, the Court issued an Order giving Plaintiff one final opportunity to provide the Court with additional information so that Mackey could be served. ECF No. 55. That Order instructed Plaintiff to submit properly completed service documents for Mackey with a current address at which Mackey could be served. *Id.* at 1. That Order also warned Plaintiff as follows:

> **Plaintiff's failure to do so will result in Defendant S. Mackey being dismissed from this action.** . . .
>
> Plaintiff must provide additional information as to **[Mackey]**. The [USMS] has been unable to serve this Defendant. Plaintiff must provide additional information so that service can be accomplished.
>
> **If Plaintiff does not provide additional identifying information as to [Mackey] within the time permitted by this Order, this Defendant may be dismissed from this action under Rule 41 of the Federal Rules of Civil Procedure.**

*Id.* at 1–2 (emphasis in original). The Court gave Plaintiff until August 10, 2026, to provide the requested information. *Id.* at 2.

On August 12, 2026, Plaintiff filed a Letter alleging that Mackey was "named as the RHU Coordinator on SCDC Form 19-222A" but Plaintiff is unable "to further identify her" because Plaintiff is in solitary confinement and lacks telephone access. ECF No. 65. Plaintiff further explains as follows:

> Though I do not want to dismiss [Mackey] as a defendant in this case, it seems as if my circumstances leave me no other choice. It is strange that SCDC cannot locate their RHU coordinator who is named on my paperwork that is holding me in Security Detention at [Broad River].

*Id*. at 2. Plaintiff did not file any additional identifying information about Mackey as ordered on July 20, 2026.

**DISCUSSION**

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within (90) days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant . . . [b]ut if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[1] Fed. R. Civ. P. 4(m). Here, Plaintiff filed this lawsuit *pro se*. As such, the ninety-day time limit under Rule 4(m) did not run during the initial review of this case. *See Robinson v. Clipse*, 602 F.3d 605, 608–09 (4th Cir. 2010) (tolling during initial review). Rather, it began to run on the date when the original Summons was issued—February 17, 2026. ECF Nos. 21; 23. The 90-day service deadline expired on May 18, 2026.

[1] The Court notified Plaintiff that failure to provide sufficient identifying information for Mackey may subject this Defendant to dismissal. *See, e.g.*, ECF Nos. 5 at 2; 21 at 2; 55 at 2. Additionally, this Report and Recommendation serves as additional notice to Plaintiff and, to the extent Plaintiff can show good cause for why dismissal of Mackey is not appropriate at this time, Plaintiff must do so by way of objections to this Report and Recommendation within fourteen days.

Plaintiff has had multiple opportunities to provide identifying information for Mackey so that the USMS could effectuate service of process. *See* ECF Nos. 5; 21; 55. This Court's Order authorizing service dated February 17, 2026, explained as follows to Plaintiff:

> Plaintiff must provide, and is responsible for, information sufficient to identify the defendant on the Forms USM-285. The [USMS] cannot serve an inadequately identified defendant. Unserved defendants may be dismissed as parties to this case if not served within the time limit governed by Rule 4(m) and this order.

ECF No. 21 at 2–3. In this Court's Order to Plaintiff dated July 20, 2026, Plaintiff was warned as follows:

> Plaintiff must provide additional identifying information as to [Mackey]. The [USMS] has been unable to serve this Defendant. Plaintiff must provide additional information so that service can be accomplished.
>
> **If Plaintiff does not provide additional identifying information as to [Mackey] within the time permitted by this Order, this Defendant may be dismissed from this action under Rule 41 of the Federal Rules of Civil Procedure.**

ECF No. 55 at 2 (emphasis in original).

The Fourth Circuit has found that district courts have discretion to extend the time to effect service of process. *Gelin v. Shuman*, 35 F.4th 212, 218–20 (4th Cir. 2022). Here, though, the circumstances weigh against exercising such discretion. Plaintiff has had multiple opportunities to provide identifying information for Mackey but has failed to provide information for this Defendant such that service could be accomplished, despite the Court's warnings. *See Cutner v. Myers*, C/A No. 6:23-cv-05282-RMG-KFM, 2024 WL 3993167, at *2 (D.S.C. July 26, 2024), *R&R adopted by* 2024 WL 3992589 (D.S.C. Aug. 29, 2024). The USMS has attempted to serve Mackey at the address Plaintiff provided. Plaintiff has acknowledged that Plaintiff has no

additional information and has no way of finding any additional information regarding Mackey. ECF No. 65.

In light of the foregoing, the undersigned recommends that Mackey be dismissed as a Defendant pursuant to Rule 4(m) and Rule 41 of the Federal Rules of Civil Procedure. *Argot v. Harden*, C/A No. 4:11-cv-2755-MBS-TER, 2012 WL 6839310, at *4 (D.S.C. Sept. 27, 2012) ("Plaintiff has failed to provide sufficient information for timely service on Defendant …, so this defendant should be dismissed without prejudice as a defendant in this case pursuant to Rule 4(m) and for failing to abide by orders of this court directing her to provide this information."), *R&R adopted by* 2013 WL 132455 (D.S.C. Jan. 10, 2013).

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, **IT IS RECOMMENDED** that Mackey be **DISMISSED** without prejudice from this action. The action remains pending against Served Defendants.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

August 19, 2026
Greenville, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).