**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Benjamin Case<br><br>Plaintiff,<br>v.<br><br>South Carolina Department of Corrections, *et al*.,<br><br>Defendants. | Case No. 1:25-cv-14012-RMG<br><br><br>**ORDER** |

This matter is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that Defendant S. Mackey be dismissed from this action without prejudice for failure to serve the Defendant within 90 days of the filing of the Complaint and to provide the Court sufficient information so service could be accomplished on this person. (Dkt. No. 68). The parties were advised that they had 14 days to file written objections to the R & R and that a failure to timely file objections would result in clear error review and a waiver of the right to appeal the district court's order. (*Id*. at 16). No written objections have been filed.

**I. Legal Standard**

**A. Magistrate's Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where a party fails to timely

file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

**B. Pro Se Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

## II. Discussion

Plaintiff was advised on multiple occasions by the Magistrate Judge that Defendant Mackey was not sufficiently identified so that the Marshal Service could effectuate service. Plaintiff never provided additional identifying information. Plaintiff also failed to file objections to the presentence report recommending the dismissal of Defendant Mackey from this action under Rule 4(m) of the Federal Rules of Civil Procedure. The Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that Defendant Mackey should be dismissed as a party defendant without prejudice.

## III. Conclusion

For the foregoing reasons, the R&R (Dkt. No. 68) is **ADOPTED** as the Order of the Court. Defendant Mackey is dismissed as a party defendant without prejudice.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

September 10, 2026
Charleston, South Carolina